UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ANDRE BROWN,

                                  Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER AYALA
(TAX REGISTRY # 987885) AND POLICE OFFICERS
JOHN DOE 1-10,

                                 Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

08 CV 3127 (MGC)

Jury Trial Demanded

        Defendants, The City of New York and Police Officer Ayala, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purport to invoke the Court's jurisdiction as stated therein.

        5.    Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to base venue as stated therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that Ayala, tax registry number 987885, is employed by the City of New York as a police officer.

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint except admit that Ayala, tax registry number 987885, is employed by the City of New York as a police officer.

9.    Deny the allegations set forth in paragraph "9" of the complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified officers.

10.    That the allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about August 22, 2007 and the matter was assigned claim number 2007PI023302.

12.    Deny the allegations set forth in paragraph "12" of the complaint, except admit that the claim has not been adjusted or otherwise resolved.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13", except admit that it appears the complaint in this matter was filed with the Court on or about March 27, 2008.

14.    Deny the allegations set forth in paragraph "14" of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that on or about August 12, 2007 plaintiff was arrested in the vicinity of 168th Street and Prospect Avenue in the County of Bronx, City and State of New York by a New York City police officer.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding plaintiff's alleged injuries

- 3 -

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except admit that plaintiff was transported to the 40th precinct.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.    Deny the allegations set forth in paragraph "31" of the complaint.

32.    In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

33.    Deny the allegations set forth in paragraph "33" of the complaint.

34.    Deny the allegations set forth in paragraph "34" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged injuries.

35.    That the allegations set forth in paragraph "35" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

36.    That the allegations set forth in paragraph "36" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

37.    That the allegations set forth in paragraph "37" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

- 4 -

38.     In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

39.     That the allegations set forth in paragraph "39" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint and all subparts thereto.

45.     Deny the allegations set forth in paragraph "45" of the complaint.

46.     That the allegations set forth in paragraph "46" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

47.     That the allegations set forth in paragraph "47" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

48.     Deny the allegations set forth in paragraph "48" of the complaint.

49.     In response to the allegations set forth in paragraph "49" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny the allegations set forth in paragraph "51" of the complaint.

52.     That the allegations set forth in paragraph "52" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

53.     That the allegations set forth in paragraph "53" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

54.     That the allegations set forth in paragraph "54" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

55.     In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

56.     Deny the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's purported injuries.

58.     That the allegations set forth in paragraph "58" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

59.     The complaints fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

60.     Defendants City of New York and Police Officer Ayala have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

61.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of the defendants City of New York or Police Officer Ayala.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

62.     At all times relevant to the acts alleged in the complaint, defendants City of New York, Police Officer Ayala and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

63.     Punitive damages cannot be recovered from defendant City of New York.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

64.     Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

65.     Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

66.     There was probable cause for plaintiff' arrest, detention and prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

67.     Police Officer Ayala has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**WHEREFORE,** defendants City of New York and Police Officer Ayala request

judgment dismissing the complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 23, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel
                                    of the City of New York
                                    Attorney for Defendant City of New York
                                    and Officer Ayala
                                    100 Church Street, Room 3-156
                                    New York, New York 10007
                                    (212) 788-6405

           By:     _Meghan Cavalieri_
                                    Meghan A. Cavalieri (MC 6758)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

TO:    Via ECF
       Wale Mosaku, Esq.
       Attorney for Plaintiff
       25 Bond St. 3rd Fl.
       Brooklyn, NY 11201

08 CV 3127 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE BROWN,

                                        Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
AYALA (TAX REGISTRY # 987885) and
POLICE OFFICERS JOHN DOE 1-10,

                                        Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF
THE CITY OF NEW YORK AND POLICE
OFFICER AYALA**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant The City of New York and*
*Police Officer Ayala*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Meghan A. Cavalieri*
*Tel:  (212) 788-6405*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................, 2008*

*.................................................................. Esq.*

*Attorney for ............................................................*